Walter Simister, Jr., and Bertha E. Simister, Husband and Wife, Petitioners, v. Commissioner of Internal Revenue, Respondent.

Docket No. 3970.    Promulgated December 12, 1944.

*J. Alex Neely, Jr., Esq.*, for the petitioners.
*Bernard D. Hathcock, Esq.*, for the respondent.

**OPINION.**

TURNER, *Judge*: It is the claim of the respondent, first, that the petitioners have failed to prove that a loss was sustained on the disposition of the above farm, and, second, that if it be held that a loss was sustained, the deduction thereof is prohibited by section 24 (b) of

the Internal Revenue Code.[1]    That the first claim is without merit, is shown by the facts.    In December of the taxable year, the petitioners, or petitioner Walter Simister, Jr., sold, for $6,000, a farm which with the improvements thereon had a total cost of $8,675, and for the purpose of computing the amount of the loss there appears to be no dispute, or basis for dispute, between the parties as to the amount by which the cost basis of the property should be adjusted by depreciation sustained on the improvements prior to the sale.

The respondent's alternative claim is that Clay Jones, Jr., and Elsie Jones, his wife, acquired the farm as joint tenants; that under joint tenancy each of the tenants is vested with the property in its entirety, and, since Elsie Jones is a lineal descendant of the petitioners, the sale of the property to her brings the transaction within the provisions of section 24 (b), *supra*, and bars the deduction of the loss sustained.    He makes no claim that Jones was a member of petitioners' family within the meaning of the said section.    The petitioners, on the other hand, contend that Jones, alone, was the purchaser, and Jones not being a member of petitioners' family under section 24 (b), the deduction claimed is not barred.    In the alternative, they claim that under South Carolina law Jones and his wife acquired the farm as tenants in common and, such being the case, one-half of the loss should be considered as having resulted from the sale to Jones and not within the prohibition of the above section.

It is the law of South Carolina that, where a grant is made to husband and wife and there is no expressed intention of conveying the whole to the survivor, they become tenants in common.    *Green v. Cannady*, 77 S. C. 193; 57 S. E. 832.    In the instant case, the grant was to "Clay Jones, Jr., and Elsie S. Jones" and there was no expressed intention of conveying the property to the survivor.    We accordingly conclude that they acquired the property as tenants in common.    We also conclude that Jones and his wife acquired the property in equal shares.    The presumption is that tenants in common hold an equal share or interest in the common property, where the instrument creating the estate does not make their shares or interests unequal.    Thompson on Real Property, vol. 2, sec. 1768.    The instrument in question here does not make their interests unequal and the facts show that the parties were equally obligated on the purchase note.    On the law and the facts,

SEC. 24. ITEMS NOT DEDUCTIBLE.

\*     \*     \*     \*     \*     \*     \*

(b) Losses From Sales or Exchanges of Property.—

(1) Losses Disallowed.—In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

(A) Between members of a family, as defined in paragraph (a) (D) :

(2)   \*   \*   \*

\*     \*     \*     \*     \*     \*     \*

(D) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants ;   \*   \*   \*

it is our opinion and we hold that one-half of the loss sustained upon the sale of the farm was attributable to the sale to petitioners' daughter, and to that extent the deduction claimed is barred by the provisions of section 24 (b), *supra*. The remainder of the loss, however, was attributable to the sale to Jones, and the section in question does not contain any prohibition against its deduction. To that extent the petitioners are sustained.

Reviewed by the Court.

*Decision will be entered under Rule 50.*